FILED FOR RECORD
8/18/2021 4:08 PM
BETTY HERRIAGE
DISTRICT CLERK
HENDERSON COUNTY
Mandy Jones

CAUSE NO. _____   CV21-0464-173

| | | |
|---|---|---|
| REBECCA PHILLIPS, Plaintiff | § § § | IN THE DISTRICT COURT OF |
| v. | § § | \_\_\_\_ JUDICIAL DISTRICT |
| WILFREDO GARCIA and BATTLEFIELD LOGISTICS, LLC, Defendants | § § § § | HENDERSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THIS HONORABLE COURT:

COMES NOW Rebecca Phillips, Plaintiff, complaining of Wilfredo Garcia and Battlefield Logistics, LLC, Defendants, and would respectfully show:

### 1. Discovery Control Plan and Rule 47 Statement

1.1   Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

1.2   Plaintiff requests that this Court enter an Order that discovery be conducted in accordance with a Discovery Control Plan tailored to the circumstances of this specific case.

1.3   Despite the many objections lodged by both the defense bar and the plaintiff bar, the rules now provide that a plaintiff must state how much money a plaintiff is seeking in a given suit. Plaintiff would also remind the jury that it is their duty to determine damages. Therefore, for procedural purposes only, due to the new rules put in place in 2013 and Rule 47 of the Texas Rules of Civil Procedure, Plaintiff would note that Plaintiff seeks monetary relief over $1,000,000.

### 2. Parties

2.1   Plaintiff is a resident of Van Zandt County, Texas.

2.2 In accordance with Section 30.015 of the Texas Civil Practice and Remedies Code, Plaintiff discloses that Plaintiff's address is 21951 State Highway 64, Canton, Texas 75103.

2.3 In accordance with Section 30.014 of the Texas Civil Practice and Remedies Code, Plaintiff discloses that the last three (3) numbers of Plaintiff's driver's license number are 701 and that the last three (3) numbers of Plaintiff's Social Security number are 108.

2.4 Defendant Wilfredo Garcia is a resident of Spartanburg County, South Carolina.

2.5 Defendant Wilfredo Garcia may be served with process at 600 Battleground Road, Chesnee, South Carolina (telephone: unknown), or wherever said defendant may be found.

2.6 Defendant Battlefield Logistics, LLC is a domestic for-profit corporation doing business in the State of Texas. Its principal place of business is in Spartanburg County, South Carolina.

2.7 Defendant Battlefield Logistics, LLC may be served with process via its registered agent, Wilfredo Garcia, 600 Battleground Road, Chesnee, South Carolina 29323 (telephone: unknown), or wherever said agent may be found.

### 3. Jurisdiction

3.1 Plaintiff's damages are within the jurisdictional limits of this Court.

3.2 By purposefully availing himself of commerce within the state of Texas, Defendant Wilfredo Garcia is subject to the jurisdiction of this Court.

3.3 Defendant Battlefield Logistics, LLC does business in Texas and is subject to the jurisdiction of this Court.

### 4. Venue

4.1     All or a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in Henderson County, Texas.

4.2     As set forth below, Plaintiff's causes of action arise out of a vehicular collision in Henderson County, Texas wherein the negligent conduct of Defendant in Henderson County, Texas was a proximate cause of the collision and Plaintiff's damages resulting from the occurrence or injury in question.

4.3     Venue is therefore proper in Henderson County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code.

## 5. Facts of Case

5.1     On or about March 11, 2020, at or near the 2400 block on North East Loop 7, in Athens, Henderson County, Texas, a vehicle operated by Defendant Wilfredo Garcia and owned by Defendant Battlefield Logistics, LLC collided with a vehicle in which Plaintiff was a passenger.

5.2     At all times material to the events of this lawsuit Defendant Wilfredo Garcia controlled, utilized, maintained, and operated vehicles in conduct of Defendant Battlefield Logistics, LLC's business. Defendant Wilfredo Garcia was in the course and scope of his employment with Defendant Battlefield Logistics, LLC when he was involved in a collision with a vehicle being operated by Plaintiff. That collision and the injuries sustained by Plaintiff as a result of that collision provide the basis of this lawsuit.

5.3     Defendant Wilfredo Garcia's failure to use ordinary care in the operation of Defendants' vehicle was a proximate cause of this wreck and Plaintiff's resulting injury.

5.4     Defendant Battlefield Logistics, LLC's failure to use ordinary care and ensure Defendant Wilfredo Garcia was a safe and competent driver was also a proximate cause of this wreck and Plaintiff's resulting injury.

## 6. Causes of Action

6.1     Plaintiff bases Plaintiff's causes of action in part upon negligence or negligence per se as these terms are defined under the common law and statutes of Texas and the doctrines of respondeat superior and res ipsa loquitur are invoked where applicable.

6.2     Plaintiff would show that the conduct of Defendants, as set forth herein and otherwise, constituted negligence by act or omission, each and all of which was a proximate cause of the occurrence or injury in question and Plaintiff's damages resulting from the occurrence or injury in question.

6.3     Defendant Battlefield Logistics, LLC is vicariously liable for the actions of Defendant Wilfredo Garcia and for Plaintiff's injuries and damages under the legal theory of respondeat superior as that term is defined and understood pursuant to Texas law.

6.4     All conditions precedent to the filing of this lawsuit and bringing said causes of action have been performed or have occurred.

## 7. Damages

7.1     Plaintiff has suffered damages in the past as well as in the future.

7.2     These damages, past and future, include those damages resulting to Plaintiff, conditioned as Plaintiff was at the time of the occurrence in question, or which resulted from the activation of any condition which may have existed at the time of the occurrence in question.

7.3     These damages, past and future, include physical pain, mental anguish, loss of earnings or earning capacity, disfigurement, physical and mental impairment, and reasonable expenses for necessary health care, including rehabilitative services and devices, resulting from the injuries sustained in the occurrence in question.

7.4     These damages include any subsequent aggravation of the injuries sustained in the occurrence in question.

## 8. Prayer for Relief

8.1   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants for all damages to which Plaintiff is entitled by law, prejudgment as well as post judgment interest, costs of court, and such other and further relief, general and special, legal and equitable, to which Plaintiff is justly entitled.

## 9. Rule 193.7 Notice to Defendants

9.1   TO DEFENDANTS: Plaintiff hereby notifies you, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, that Plaintiff currently intends to use all items produced by you in this litigation at any pretrial proceeding or trial.

## 10. Rule 609(f) Request to Defendants

10.1   TO DEFENDANTS: Pursuant to Rule 609(f) of the Texas Rules of Evidence, Plaintiff hereby requests, in regard to any witnesses that shall be named by any party as a person with knowledge of relevant facts, or as a testifying expert, that you give Plaintiff sufficient advance written notice of your intent to use evidence of a conviction of any such witness.

Respectfully submitted,

DANIEL STARK, P.C.

BY: _____
MARK CANNON
State Bar No. 24027665
Post Office Box 1153
Bryan, Texas 77806
Telephone: (979) 846-8686
Facsimile: (979) 764-8002
mcannon@danielstarklaw.com
ATTORNEY FOR PLAINTIFF